IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT

JUL - 3 2007

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CRIMINAL NO. 1:07Cr235 |
| ) | |
| FIRSTWORLD TRAVEL        ) | |
|     OF BRENTWOOD, INC.   ) | |
| ) | |
| Defendant.               ) | |

## PLEA AGREEMENT

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Edmund P. Power, Assistant United States Attorney, the defendant, FIRSTWORLD TRAVEL OF BRENTWOOD, INC., and the defendant's counsel, Jack P. DiCanio, have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a single count criminal information charging the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343. The maximum penalties for this offense are a fine not to exceed $500,000, a special assessment, full restitution, and a period of probation not to exceed five years.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea

agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

**3. Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

- a. the right to plead not guilty and to persist in that plea;
- b. the right to a jury trial;
- c. the right to be represented by counsel at trial and at every other stage of the proceedings; and
- d. the right at trial to confront and cross-examine adverse witnesses, to testify and present evidence, and to compel the attendance of witnesses.

**4. Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's

actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

However, the parties agree to recommend to the Court that it sentence the defendant, in accordance with the Sentencing Guidelines, based upon the loss to the government, as set forth in the Statement of Facts. In addition, in consideration of the defendant's guilty plea, the United States Attorney's Office for the Eastern District of Virginia agrees not to charge Jack A. Silverberg with any criminal offense in connection with his conduct contained in the statement of facats.

3

### 5. Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant and Jack A. Silverberg, individually, also hereby waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 6. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of four hundred dollars ($400.00) per count of conviction, in accordance with 18 U.S.C. § 3013.

4

### 7. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of its financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

### 8. Restitution for Offense of Conviction

The defendant agrees to the entry of a Restitution Order for the full amount of the victims loss for the offense of conviction. The parties agree that this loss is as follows:

```
United Airlines ............$731,645.40
Dept. Code WHQMV
1501 Mittle Blvd.
Wood Dale, IL 60191
Attn: Scott A. McIntosh
```

This restitution is due immediately and payable jointly and severally with any co-defendants who are ordered to pay restitution for the same loss. At the present time, there is one co-defendant, Thomas Albert Adams who is liable for this loss.

See <u>United States v. Thomas Albert Adams</u>, Criminal No. 1:02cr635-JCC (E.D. VA). The defendant agrees to make a payment to the Clerk of Court, United States District Court, 401 Court House Square, Alexandria, Virginia 22314, of $10,000.00 towards this restitution at or prior to entry of this plea agreement.

**9. Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts or for any other conduct relating to the defendant's involvement with federal contracts.

**10. Prosecution in Other Jurisdictions**

The United States Attorney's Office for the Eastern District of Virginia will not contact any other state or federal prosecuting jurisdiction with respect to the matters described in the Statement of Facts. Should any other prosecuting jurisdiction attempt to prosecute the defendant or Jack A. Silverberg in connection with the conduct described in the statement of facts, the United States Attorney's Office for the Eastern District of Virginia agrees, upon request, to contact that jurisdiction and to ask it to abide by the terms of this plea agreement. The parties understand that any other prosecuting jurisdiction is not bound by the terms of this plea agreement.

**11. Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the chief executive officer of the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any

7

    statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

**12. Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

                      CHUCK ROSENBERG
                      UNITED STATES ATTORNEY

By: _____
      Edmund P. Power
      Assistant U.S. Attorney

<u>Defendant's Signature</u>: I, Jack A. Silverberg, president of defendant FIRSTWORLD TRAVEL OF BRENTWOOD, INC., on behalf of the defendant, hereby agree that (1) the defendant has consulted with its attorney and fully understands all rights with respect to the pending criminal information, (2) the defendant fully understands all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in its case, (3) the defendant has read this plea agreement and carefully reviewed

every part of it with its attorney, and (4) the defendant understands this agreement and voluntarily agrees to it. Attached hereto is a corporate resolution, signed by me, authorizing the defendant to enter this guilty plea.

Date: 7/3, 2007

Jack A. Silverberg,
President FirstWorld Travel
Of Brentwood, Inc.

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 7/3, 2007

Jack P. DiCanio
Counsel for the Defendant

10

July 2, 2007

The following resolution was adopted by the Board of Directors of FirstWorld Travel of Brentwood, Inc. (the "Corporation"), on July 2, 2007.

WHEREAS this Corporation has been committed from its very inception to integrity and responsible conduct; and

WHEREAS this Corporation is committed to conducting itself with the highest degree of integrity and in compliance with all applicable laws;

NOW, THEREFORE, BE IT:

RESOLVED that this Board authorizes and consents to Jack A. Silverberg taking any and all actions with respect to the plea agreement on behalf of the Corporation (the "Plea Agreement") to resolve any charge brought against the Corporation in the United States District Court for the Eastern District of Virginia in the case captioned *United States v. FirstWorld Travel of Brentwood, Inc.*; and

FURTHER RESOLVED that this Board ratifies any and all past actions of Jack A. Silverberg on behalf of the Corporation with respect to the Plea Agreement.

_____
Gayle C. Silverberg

_____
Geral Silverberg

_____
Jodi Silverberg